

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

January 11, 2008

Ian Friedman, Esq.
700 W. St. Clair Ave.
Suite 110
Cleveland, OH 44113

    Re: <u>Angelo Trovato</u>
        Criminal No. 06-10332-NG

Dear Attorney Friedman:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Angelo Trovato ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

At the earliest practicable date Defendant shall plead guilty to all counts in which he is named in the above-captioned Indictment. Defendant expressly and unequivocally admits that he in fact committed the crimes charged in the Indictment, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

Defendant faces the following minimum mandatory and maximum penalties: Count 1: 20 year maximum sentence, $250,000 fine, $100.00 special assessment, supervised release for a minimum of 5 years and a maximum of life, forfeiture as set forth in the Indictment. Count 2: 5 year mandatory minimum sentence, 20 year maximum sentence, $250,000 fine, $100.00 special assessment, supervised release for a minimum of 5 years and a maximum of life, forfeiture as set forth in the Indictment.

*Last Rev.: 12/18/2006*

3. Sentencing Guidelines

The parties agree to jointly take the following positions at sentencing under the United States Sentencing guidelines:

The defendant has a base offense level of 24, pursuant to U.S.S.G. § 2G1.3(a); a two-level enhancement is applicable pursuant to U.S.S.G. § 2G1.3(b)(2)(B); a two-level enhancement is applicable pursuant to U.S.S.G. § 2G1.3(b)(3); a three-level reduction is applicable pursuant to U.S.S.G. § 3E1.1.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime; and/or

(i) Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Agreed Disposition</u>

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

    (a)    60 months incarceration;

    (b)    forfeiture as set forth below

    (c)    $100.00 special assessment;

    (d)    Supervised release for a period of fifteen years, with conditions to be set at sentencing. The parties agree that those conditions will include, but not be limited to, a ban on Defendant's possession or use of the Internet except as necessary for work, with any work related use of the Internet subject to monitoring by the U.S. Probation Department. Defendant acknowledges that he must register with the sex offender registry in any state in which he resides, is employed, or works, as further instructed by the U.S. Probation Department.

The U.S. Attorney and Defendant agree that there is no basis for a departure or deviation under the factors set forth in 18 U.S.C. § 3553(a) from the sentencing range established by the United States Sentencing Guidelines, except as explicitly described in paragraph 4, above.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

7. <u>Forfeiture</u>

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253 as a result of his guilty plea.

The assets to be forfeited specifically include, without limitation, the computer seized from the Defendant on August 19, 2006, (collectively, the "Properties"). Defendant admits that the Properties are property constituting or traceable to gross profits or other proceeds obtained from the offense; and/or property used, or intended to be used, to commit or to promote the commission of this offense. Defendant therefore consents to the forfeiture of all of Defendant's interests in the Properties to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the indictment.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he/she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

8. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph 1 of this Agreement.

10. Withdrawal of Plea By Defendant

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

11. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. **Who Is Bound By Agreement**

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. **Complete Agreement**

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

*Last Rev.: 12/18/2006*

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Dana Gershengorn.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*

LAURA J. KAPLAN, Chief
Violent & Organized Crime Section

## ACKNOWLEDGMENT OF PLEA AGREEMENT

      I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.


_____
Angelo Trovato

Defendant

Date: 2/6/08


      I certify that Angelo Trovato has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.


_____
~~Ian Friedman, Esq.~~ Kristina W. Supler, Esq.

Attorney for Defendant

Date: 2/6/08